**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted July 7, 2009
Decided August 13, 2009

Before

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| ORESTES R. GARCIA, an individual,<br>    Plaintiff-Appellant,<br><br>No. 09-2675                    v.<br><br>BP PRODUCTS NORTH AMERICA,<br>INCORPORATED, a Maryland<br>corporation, et al.,<br>    Defendants-Appellees. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 1:09-cv-03529<br>]<br>] James B. Zagel,<br>]      Judge. |

Orestes Garcia, the franchisee of a gas station, appeals the district court's denial of his request for a preliminary injunction pursuant to the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801-2807. Garcia sought to prevent BP Products from selling the gas station he franchises to B&R Oil Company. Garcia also asks this court for an injunction preventing the sale pending resolution of his appeal. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). We deny the request for an injunction pending appeal and affirm the district court's order.

Garcia began operating a gas station owned by BP in 1997 as a franchisee. Every three years since 1997, Garcia received written notice from BP that his PMPA franchise lease was being renewed for another three years. Early in 2009 Garcia received notice that BP planned to sell the property and transfer its obligations under the lease to a third party. In February Garcia received an offer from Buchanan Energy to purchase the gas station

property for $1,340,000. The offer was contingent upon Buchanan Energy purchasing the property from BP. Although Garcia says that he agreed to purchase the property, the sale from BP to Buchanan failed to close. Later Garcia learned that BP was planning to sell the property to B&R Oil, and that B&R Oil had agreed to sell the property to a third-party for $1.7 million.

On June 5, 2009, Garcia received a letter from BP granting him a unilateral one-month extension of the most recent franchise agreement to September 30, 2009. It continued, "This extension shall in no way constitute a renewal of your Agreement. In all other respects other than the termination date, you shall be bound during this extension by the terms of the Agreement, and BP shall continue to have the right to terminate or nonrenew your Agreement for any reason permitted under the Petroleum Marketing Practices Act ('PMPA')."

Believing that his lease was being terminated or nonrenewed, Garcia filed suit on June 11, 2009, arguing that BP and B&R Oil had violated provisions of the PMPA. He moved for a temporary restraining order and injunction to prevent the sale to B&R Oil as well as any subsequent sale to a third party. The district court denied the motion for an injunction, finding that Garcia had not shown that his lease was terminated or nonrenewed or that any transfer of his lease would result in a breach of contract or violation of state law.

Garcia's papers in this court did not say whether the sale of the gas station to B&R Oil had taken place, so we asked the defendants. BP informed us that the sale took place on July 2, 2009 (four days before Garcia filed his motion). In his reply Garcia asks the court to enjoin B&R Oil from terminating or nonrenewing his three-year lease, from selling the property, and from negotiating for the sale of the property during the pendency of this appeal.

Congress enacted the PMPA in an effort to protect "franchisees from arbitrary or discriminatory termination or non-renewal of their franchises." S. Rep. No. 95-731, at 15, *reprinted in* 1978 U.S.C.C.A.N. 873, 874. The legislation was designed to even the bargaining power between franchisors and franchisees by adopting minimum standards governing the termination or nonrenewal of a petroleum franchise. *See id.; Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1216 (7th Cir. 1982). This purpose is reflected in the provision providing for preliminary injunctive relief, 15 U.S.C. § 2805(b)(2). *See Beachler v. Amoco Oil Co.*, 112 F.3d 902, 905 (7th Cir. 1997). The PMPA requires a district court to grant a preliminary injunction if:

> (A) the franchisee shows-
>> (i) the franchise of which he is a party has been terminated or the franchise

> relationship of which he is a party has not been renewed, and
> > (ii) there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and
>
> (B) the court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted.

15 U.S.C. § 2805(b)(2). It is the franchisee's initial burden under the PMPA to establish that its franchise has been terminated or not renewed. *See* 15 U.S.C. § 2805(c); *Beachler v. Amoco Oil Co.*, 112 F.3d 902, 905 (7th Cir. 1997). Our review of the district court's decision to deny a preliminary injunction under § 2805(b)(2) is narrowly circumscribed. We consider only whether the district court abused its discretion in denying injunctive relief. *Id.* at 906.

The district court held that Garcia could not show that his agreement had been nonrenewed because the June 5 letter did not specifically say that it was a termination or nonrenewal. We agree. Although the letter made clear that it did not constitute a renewal of the agreement, it did not affirmatively state that the agreement would not be renewed or that it was terminated. Garcia argues that the normal course of dealing between the two parties makes clear that the letter signified that his lease would not be renewed. Every other three-year renewal was initiated in May before the agreement was to end and BP did not send a renewal this year. But it is reasonable that BP would decline to follow the normal course of dealing with Garcia while it is negotiating a sale of the property. Garcia also argues that the June 5 letter complied with all of the requirements for the 90-day advance notice of nonrenewal as provided in the PMPA. Specifically, he says, it was in writing, was sent by certified mail, contained a statement of intention of nonrenewal and the reasons, and the date on which the nonrenewal takes place. The letter also included a copy of the revised summary of Title I of the PMPA, which is only required when a franchisee is being terminated or nonrenewed. *See* 15 U.S.C. § 2804(c)(3)(C). We agree with the district court that the letter contained neither a statement of intention of nonrenewal or the reasons therefore, and so does not comply with all of the requirements for nonrenewal.

BP and B&R Oil point out that B&R Oil, as the new franchisor, has the right to terminate or nonrenew Garcia's agreement provided that it complies with the requirements of the PMPA. As a practical matter, this means that B&R Oil has to give 90 days notice, *see* 15 U.S.C. § 2804, and terminate pursuant to one of the grounds enumerated in the Act, *see* §§ 2802(b)(2)-(3) or 2803(c). Defendants note that if Garcia truly did not know the sale had taken place four days before he filed his motion, it shows that the transfer of ownership has gone smoothly. In other words, Garcia's rights under the franchise agreement have

continued through the sale and were not terminated.  Because no termination or nonrenewal has happened yet and B&R Oil is bound by the franchise agreement, injunctive relief is not necessary at this time.

Garcia's real complaint seems to be that defendants evaded the requirement that they offer him the right of first refusal, *see* 15 U.S.C. § 2802(b)(2)(E)(iii), by extending the lease for one month without specifically stating that the lease will not be renewed.  But Garcia admits in his affidavit that B&R Oil offered him the right of first refusal to purchase the property for $1.7 million.  Garcia argues that B&R Oil has agreed to sell the property to a third party for $1.3 million, and will not allow him to purchase the property for the same price.  But nowhere does Garcia offer any evidence that a purchase agreement for $1.3 million exists. (The offer to Buchanan Energy for $1.3 million in February did not result in a sale.)  In their response, defendants say that a third party has offered to purchase the property for $1.7 million from B&R Oil, subject to Garcia's right of first refusal.  B&R Oil has no obligation to offer the property to Garcia for less than that amount.

Garcia cannot show that the district court abused its discretion in holding that no termination or nonrenewal has taken place.  Further, he has not shown that his rights have been affected by BP's sale of the property to B&R Oil.  B&R Oil has assumed BP's rights and responsibilities under the franchise agreement and must comply with the PMPA; until it terminates or nonrenews the agreement, Garcia does not have a claim.  For these reasons, the district court's order denying the request for preliminary injunction is **AFFIRMED** and Garcia's request for an injunction pending resolution of his appeal is **DENIED**.